IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DELBERT L. WOLFE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 04-280J |
| JO ANNE B. BARNHART, ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 26th day of June, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry

differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed his current application for SSI on September 17, 2002, alleging disability as of September 14, 2000 due to a low back disc compressing nerves and loss of feeling on his left side. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on June 5, 2003, at which plaintiff appeared represented by counsel. On August 8, 2003, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on September 10, 2004, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 49 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §416.963(c). Plaintiff has an ninth grade education. Plaintiff has past relevant work experience as a laborer in the home construction industry, a dog trainer and a plumber's helper, but he has not engaged in substantial gainful activity at any time since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act.  The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of degenerative disc disease of the lumbar spine, herniated nucleo pulposus at L4-5 and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a limited range of light work with a number of other restrictions.  Plaintiff is limited to work that does not require more than six hours of sitting and that does not require more than six hours of standing or walking during an eight hour workday.  In addition, plaintiff requires work that involves only occasional stooping or crouching and no reaching above the shoulder level.  Finally, plaintiff is limited to simple, one to three step tasks, as well as work that involves minimal interaction with the public and only occasional interaction with co-workers (collectively, the "RFC Finding").  As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work.  Nonetheless, based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background, work experience and residual functional capacity enable him to make a vocational adjustment to

other work that exists in significant numbers in the national economy, such as light housekeeping or an assembler of small products. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000).

If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff argues that the ALJ's step 5 finding is not supported by substantial evidence because the RFC Finding did not account for his pain or for the side effects of his pain medications. The court finds that this argument lacks merit for the reasons explained below.

Plaintiff's argument that the ALJ's RFC Finding did not account for his complaints of pain or for the side effects of his medications implicates the ALJ's evaluation of his subjective complaints. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R.

§416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999).

In evaluating plaintiff's complaints, the ALJ complied with the appropriate regulations and considered all of the relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, plaintiff's medications and the extent of his treatment, plaintiff's own statements about his symptoms and statements by his treating physicians about his symptoms and how they affect him. See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p. As required by 20 C.F.R. §416.929(c)(4), the ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect his ability to work.

Although the ALJ found that the medications plaintiff takes support his allegation of pain from his back impairment, and also that his back injury could cause pain of the nature and type he alleges, the ALJ concluded the level of pain claimed by plaintiff is not supported by the medical evidence of record. (R. 21). Accordingly, the ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability, and that plaintiff's testimony regarding his limitations was not entirely credible. (R. 21). This court finds that the ALJ

AO 72
(Rev. 8/82)

adequately explained the basis for his credibility determination in his decision (R. 21), and is satisfied that such determination is supported by substantial evidence.

Having found that plaintiff is somewhat limited due to back pain, the ALJ accounted for his limitations in the RFC Finding. Dr. Kandabarow, who was one of plaintiff's treating physicians, found plaintiff to be capable of performing light work. (R. 177-79). Consistent with Dr. Kandabarow's opinion, the ALJ restricted plaintiff to a limited range of light work. In addition, the ALJ accounted for plaintiff's back pain by including in the RFC Finding postural restrictions that he is not to engage in work that involves reaching over the shoulder or more than occasional stooping or crouching. Further, in consideration of plaintiff's claim that he experiences side effects from his pain medications, the ALJ's RFC Finding limited him to work that involves simple, one to three step tasks, which accounts for any side effects alleged by plaintiff, such as drowsiness.[1] For these reasons, the court finds that the ALJ's RFC Finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of

---

[1] The court notes that, while plaintiff testified that he experiences side effects such as drowsiness from his medications, (R. 335), the record does not indicate that his physicians documented any such complaints by plaintiff concerning his medications.

- 7 -

the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

　　　　　　　　　　　　　　　　　／s/ Gustave Diamond
　　　　　　　　　　　　　　　　　Gustave Diamond
　　　　　　　　　　　　　　　　　United States District Judge

cc: Regina L. Carpenter, Esq.
    McLaughlin & Carpenter
    1414 Country Club Road
    Fairmont, WV 26554

    John J. Valkovci
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901